UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DESHAWN WILBORN | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Civil Action No.<br>)<br>) |
| WEST ASSET MANAGEMENT, INC. | )<br>) |
| Defendant, | ) |

## **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

DESHAWN WILBORN, ("Plaintiff"), through the undersigned counsel, ALEX SIMANOVSKY & ASSOCIATES, LLC, alleges the following against WEST ASSET MANAGEMENT, INC. ("Defendant"):

## **INTRODUCTION**

1. This is an action for actual and statutory damages brought by Plaintiff, DeShawn Wilborn, an individual consumer, against Defendant, West Asset Management, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

## PARTIES

3. Plaintiff, DeShawn Wilborn, is a natural person with a permanent residence in Atlanta, Fulton County, Georgia.

4. Upon information and belief the Defendant, West Asset Management, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 2253 Northwest Parkway SE, Marietta, Cobb County, Georgia 30067. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Upon information and belief, Defendant began placing collection calls to Plaintiff on January 23, 2011.

7. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "We can garnish your wages if you don't get back to us tonight by 11pm."

8. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, stated to Plaintiff, "We will take legal action if you do not get back to us tonight by 11pm."

9. Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, has called the Plaintiff four to six times a day in a repeated manner.

## CLAIM FOR RELIEF

10. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

11. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

>(a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to Plaintiff; and

>(b) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

>(c) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number; and

>(d) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

>(e) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant or alleged creditor does not intend to take such action; and

>(f) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

>(g) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

        (h) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

12. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

13. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, DeShawn Wilborn, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, West Asset Management, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA.

B. Actual damages.

C. Statutory damages pursuant to 15 U.S.C. § 1692k.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, DESHAWN WILBORN, demands trial by jury in this action.

[ELECTRONIC SIGNATURE ON FOLLOWING PAGE]

This 26th day of May, 2011.

        Respectfully submitted,

        ALEX SIMANOVSKY & ASSOCIATES LLC

        */s/ Alex Simanovsky*
        Alex Simanovsky, Esq.
        GA Bar No. 646874
        Alex Simanovsky & Associates, LLC
        2300 Henderson Mill Road
        Suite 300
        Atlanta, GA 30345
        (770) 414-1002
        alex@fdcpalawyeronline.com

        *Attorney for Plaintiff*